UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TYLER FINLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.   2:23-CV-063-KAC-CRW |
| JOHN DOE 1 and JOHN DOE 2, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff is a Tennessee Department of Correction ("TDOC") prisoner housed in the Northeast Correctional Complex ("NECX"). He filed (1) a motion for leave to proceed *in forma pauperis* [Doc. 1], (2) a pro se Complaint under 42 U.S.C. § 1983 [Doc. 2; Doc. 3 at 2-3[1]], and (3) a motion to appoint counsel [Doc. 3]. For the reasons set forth below, the Court (1) **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1]; (2) **DENIES** Plaintiff's motion to appoint counsel [Doc. 3]; and **DISMISSES** the Complaint for failure to state a claim upon which relief may be granted under Section 1983.

I.   **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] that he lacks the

---

[1] The Clerk docketed pages 2 and 3 of Document 3 as part of Plaintiff's motion to appoint counsel [*See* Doc. 3]. But these pages appear to be the attachments that Plaintiff refers to in his Complaint [*See* Doc. 1 at 3-4]. Liberally construing the filings, the Court construes these pages as part of the operative Complaint and screens the allegations in both documents. *See Tolliver v. Noble*, 752 F. App'x 254, 266-68 (6th Cir. 2018).

financial resources to pay the filing fee in a lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** the Motion [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Court **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to both the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     MOTION TO APPOINT COUNSEL

In support of his motion to appoint counsel [Doc. 3], Plaintiff states that he is unable to afford counsel, imprisonment will limit his ability to litigate this action, the issues in his Complaint "are complex and will require significant research and investigation," "[he] has limited access to the law library and limited knowledge of the law," trial of his case "will likely involve conflicting

2

Case 2:23-cv-00063-KAC-CRW   Document 5   Filed 09/07/23   Page 2 of 7   PageID #: 31

testimony and counsel would better enable Plaintiff to present evidence and cross examine witnesses," and that he has made efforts to obtain a lawyer [*Id.* at 1].

"Appointment of counsel in a civil case is not a constitutional right" but a privilege "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). A court determines whether "exceptional circumstances" exists based on the type and complexity of the case, and the plaintiff's ability to represent himself. *Id*. at 606. Plaintiff's Section 1983 claim is straightforward, not factually or legally complex. And Plaintiff's filings show that he can adequately present himself and present his claim. Accordingly, Plaintiff has not established that "exceptional circumstances" exist, *see Lavado*, 992 F.2d at 606, and the Court **DENIES** the motion to appoint counsel [Doc. 3].

### III. COMPLAINT SCREENING

#### A. Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

3

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B. **Allegations of Complaint**

According to Plaintiff, on December 28 or 29, 2022, inmate Donald Brown stabbed Plaintiff twice in the head, once in the chest, and three times in the back while Brown "was supposed to be [l]ocked [d]own" [Doc. 2 at 5]. For somewhere between twenty (20) to forty (40) seconds, Defendants John Doe 1 and John Doe 2 "did nothing to interfere" with Brown's actions [Doc. 2 at 5 ("About 30-to-40 seconds"); Doc. 3 at 3 ("About 20-30 seconds")]. Plaintiff alleges that Defendants "should've sprayed [mace or pepper spray] 'immediately'" [Doc. 2 at 5]. He further states that Defendants' failure to intervene amounted to (1) a failure to follow TDOC policies and (2) a neglect of duty [Doc. 3 at 3]. Plaintiff alleges that Defendants "deliberately delayed to do their duty[]" in violation of his Eighth Amendment rights [*See id.*]. Plaintiff's liver and lung were punctured in the attack, and he stayed in the hospital for "2 or 3 days" to receive treatment [*Id.*; Doc. 2 at 5]. Plaintiff sued Defendants "John Doe 1" and "John Doe 2" [Doc. 2 at 1]. He seeks a jury trial; compensatory, special, and punitive damages; and a declaratory order [*See id.* at 5].

4

C.   **Analysis**

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The Eighth Amendment prohibits "cruel and unusual punishment." U.S. Const. amend. VIII. That prohibition on "cruel and unusual punishment" "places duties" on prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Those duties require officials to "take reasonable measures to guarantee the safety of" inmates. *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 527-27 (1984)). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. "For a failure-to-protect claim to lie against a prison official, the plaintiff must show that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) the official acted with deliberate indifference to inmate safety, meaning the official was subjectively aware of the risk and fail[ed] to take reasonable measures to abate it." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (citations and quotations omitted) (alteration in original).

Plaintiff's claim fails on both elements. **First**, the allegations in the Complaint do not permit the Court to infer that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm. *See Reedy*, 988 F.3d at 912. There is no evidence that inmate Brown posed a particular danger or that Plaintiff was "particularly vulnerable to assault." *See Schoonover v. Rogers*, 2022 WL 12258998, *6 (6th Cir. Oct. 21, 2022). **Second**, while Plaintiff alleges that Defendants' delay in responding to the altercation was "deliberate[]," he does not provide any facts to support this conclusory recitation of the element of the claim [*See* Doc. 3 at 3]. Further, there are no facts that would permit the Court to infer that Defendants failed to take reasonable measures

5

in response to the altercation. Plaintiff does not allege where Defendants were standing relative to the altercation or when Defendants determined that Plaintiff and Brown were engaged in an altercation. And even if the Court presumes that Defendants properly identified the situation quickly and realized that Plaintiff and inmate Brown were in a serious altercation, the Court cannot infer that it was it was unreasonable for Defendants to respond to the altercation within twenty (20) to forty (40) seconds. This is especially true given the officers' potential need to (1) access pepper spray and/or other items to end the altercation; (2) determine the safest way to approach the altercation in a way that would minimize the risk of harm to other inmates, themselves, and Plaintiff; and (3) travel some unspecified distance to reach the altercation. At bottom, Plaintiff's conclusory allegation that Defendants' delay in responding to the stabbing was "deliberate" fails to "nudge[] [this claim] across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, Plaintiff's allegation that Defendants actions amounted to a neglect of duty and violation of TDOC policies fails to assert a Section 1983 claim. *See Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 322 (6th Cir. 2023) ("Alone, the failure to follow an internal policy does not give rise to a deliberate indifference claim" (citation omitted)). Accordingly, the Court **DISMISSES** this action because the Complaint fails to state a claim upon which relief may be granted under Section 1983.

### III. CONCLUSION

As set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Court **DENIED** Plaintiff's motion to appoint counsel [Doc.3];

6. Even liberally construing the Complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under Section 1983. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

ENTER:   s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge